IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| J & J MARTINDALE VENTURES, LLC, a Texas Limited Liability Company<br><br>Plaintiff,<br><br>v.<br><br>EAST END BREWING COMPANY, INC., a Pennsylvania Corporation<br><br>Defendant. | Civil Action No.: 5:15-CV-00876 |

**DECLARATION OF SCOTT SMITH IN SUPPORT OF
DEFENDANT EAST END BREWING COMPANY INC.'S MOTION TO DISMISS FOR
LACK OF PERSONAL JURISDICTION AND/OR VENUE OR, IN THE ALTERNATIVE
TO TRANSFER THIS ACTION TO THE EASTERN DISTRICT OF PENNSYLVANIA
ON THE GROUNDS OF FORUM NON CONVENIENS**

I, Scott Smith, declare as follows:

1. I am the Vice-President of East End Brewing Company, Inc. ("East End"), the defendant in this action. I have knowledge of the facts and circumstances stated herein, and submit this declaration in support of East End's Motion to Dismiss for Lack of Personal Jurisdiction and/or Venue, or in the Alternative, to Transfer this Action to the Eastern District of Pennsylvania on the Grounds of Forum *Non Conveniens*.

2. East End is a producer and seller of beer, stouts, ales, lagers and related malt beverages (collectively referred to herein as "beers") whose sole brewing facility is located in Pittsburgh, Pennsylvania.

3. East End was incorporated under the laws of the Commonwealth of Pennsylvania.

**DECLARATION OF SCOTT SMITH IN SUPPORT OF DEFENDANT EAST END
BREWING COMPANY INC.'S MOTION TO DISMISS OR TRANSFER**—Page 1        48190_8

4. Since its founding in 2004, East End has grown from a small microbrewer in a 4,000 square foot facility to a brewpub and taproom occupying a 17,000 square foot space in the city of Pittsburgh. East End also has a second location which acts as a growler shop and taproom. East End's second location is also located in the city of Pittsburgh.

5. East End produces over 35 different beers a year, including one variety under the name BIG HOP.

6. East End began using the BIG HOP designation in connection with beers over a decade ago, in December 2004.

7. Its two Pittsburgh locations represent East End's only places of business.

8. East End does not own or maintain any offices, facilities, real property, personal property or chattel in Texas.

9. A brewer located in the Commonwealth of Pennsylvania such as East End must obtain the necessary license to manufacture its beers.

10. East End holds a Manufacturer of Malt Beverages License (the "License"), which permits East End to manufacture and distribute its beers in Pennsylvania. The License also permits East End to sell and serve beer on its premises. Attached hereto as **Exhibit A** is a printout from the Pennsylvania Liquor Control Board setting forth a summary of East End's License, obtained from the Commonwealth of Pennsylvania

11. East End has a License *only* in the Commonwealth of Pennsylvania, thus meaning that it cannot operate in any other state—including Texas—in the United States.

12. East End's License does *not* permit it to manufacture or sell its beers outside the Commonwealth of Pennsylvania.

**DECLARATION OF SCOTT SMITH IN SUPPORT OF DEFENDANT EAST END
BREWING COMPANY INC.'S MOTION TO DISMISS OR TRANSFER**—Page 2

13. Indeed, East End has not obtained any such permit or license from the State of Texas that would permit it to engage in these activities in Texas.

14. In addition to selling beer at its brewpub facility, East End also distributes its beers to bars, restaurants, and beer distributors situated in the Commonwealth of Pennsylvania. However, *none* of East End's beers (including its BIG HOP beer) are distributed outside of the Pennsylvania region.

15. Consequently, East End does not itself or through a distributor/wholesaler engage in brewing, taproom sales, wholesale sales or any other kinds of operation or sales outside of the Commonwealth of Pennsylvania.

16. Further, East End has no ties to or presence in Texas. It does not have any business facilities, any employees, or any registered agents in Texas.

17. It does not own any real estate or maintain any other property in Texas, nor does it have any bank accounts in this state.

18. East End does not maintain a telephone line in Texas.

19. Nor has East End paid any taxes in Texas or made any filings with any state agencies in the state.

20. Moreover, East End has not negotiated any contracts nor otherwise conducted any business in Texas.

21. In addition, East End does not mail or distribute printed advertisements or promotional materials to Texas residents, conduct any advertising in or targeted to Texas or otherwise target Texas residents through any promotional efforts.

22. While East End maintains a website that can be accessed by residents in Texas, the website does not permit consumers to purchase East End's beers because, as noted, East End cannot lawfully sell its alcoholic products outside the Commonwealth of Pennsylvania.

23. The website does permit customers to purchase merchandise from East End.

24. However, East End has sold only a total of four (4) items, none of which bears the BIG HOP mark, to residents of Texas. These four sales were to four residents of Texas over the period from 2011 to present.

25. These sales include the purchase of a gift card and two Dickies-brand work shirts bearing a logo for East End Brewing Co. Again, none of these sales were related to or under East End's BIG HOP brand.

26. I understand that in its Complaint, J&J makes reference to the fact that Texas residents are aware of East End and its products and cites to the number of followers and commenters from across the county East End has obtained on social media sites such as Twitter and Instagram.

27. The Complaint also makes reference to a beer review site by the name of Beer Advocate. The Beer Advocate website is not owned or run by East End; rather, it is a third party website through which consumers can post reviews of beers produced by various breweries from across the world.

28. Consumer awareness of East End and its brand in Texas is the result of Texas residents seeking out East End and its products within the Commonwealth of Pennsylvania. East End has not specifically targeted and marketed its beers to Texas residents.

DECLARATION OF SCOTT SMITH IN SUPPORT OF DEFENDANT EAST END
BREWING COMPANY INC.'S MOTION TO DISMISS OR TRANSFER—Page 4

29. Litigating this matter in the Western District of Texas would be grossly inconvenient to East End and to numerous third parties who could be called as witnesses in this matter.

30. While East End has enjoyed some success since its founding, it is still a small, craft-brew venture run by me and my wife, Julie Smith. Litigating this matter in Texas, located over 1,500 miles from Pittsburgh, would be extremely costly and have a detrimental impact on East End, a small, family-owned business.

31. In addition, litigating this case in Western District of Texas is also inconvenient because East End's offices and its business records are located within the Western District of Pennsylvania.

32. Given that this matter is still at the pleading stage, J&J has not yet served any discovery demands on East End. Still, East End anticipates that the following categories of documents may be relevant in litigating this matter: documents related to the incorporation of East End; documents related to the licenses obtained by East End from the Pennsylvania Liquor Control Board to brew and sell its products; documents related to first dates of use for the BIG HOP mark; invoices, sales reports and other sales documentation concerning beer and merchandise sold under the BIG HOP mark; documents related to the distribution of BIG HOP branded beer to wholesalers, retailers, and consumers; marketing and advertising materials associated with the BIG HOP brand, including materials related to social media and online presence. All of these documents are located in the Western District of Pennsylvania.

33. In addition, witnesses, including myself, who are likely to have testimony relevant to this action on behalf of East End are located in Pennsylvania.

<u>DECLARATION OF SCOTT SMITH IN SUPPORT OF DEFENDANT EAST END BREWING COMPANY INC.'S MOTION TO DISMISS OR TRANSFER</u>—Page 5

34. In addition to my testimony, East End anticipates that it may also rely on testimony of several non-party witnesses, including its distributors and its retailers, such as restaurants and bars that serve BIG HOP branded beer, all of whom are located in Pennsylvania.

35. These Pennsylvania witnesses may include:

- Vecenie Distributing—East End's primary wholesale distributor, located in Pittsburgh, who distributes East End's beers to other wholesalers, bars, restaurants and beer distributors within the Pittsburgh area and throughout Pennsylvania;

- Pistella Beer Distributor—a beer distributor located in Pittsburgh that carries and distributes East End's products, including its BIG HOP branded beer;

- Brentwood Distributing—a beer distributor located in Pittsburgh that carries and distributes East End's products, including its BIG HOP branded beer;

- PNC Park—a ballpark that is home of the Pittsburgh Pirates and that carries East End's BIG HOP beer;

- Mad Mex—a Pennsylvania-based Mexican chain restaurant that carries East End's BIG HOP beer;

- Kelly's Bar and Lounge—a local Pittsburgh bar that has carried East End's BIG HOP beer since 2004;

- Jeff Bearer—East End's Pennsylvania-based website developer who can attest to development of the eastendbrewing.com website as well as information concerning number of visitors and user traffic;

- Jared Roberts of Right Brain + Left Brain—a web design, marketing and advertising agency located in Pennsylvania who assists East End with marketing and social media strategy;

- Dave Keefe of R.D. Hoag & Associates—East End's Pennsylvania-based accounting firm who assists with matters such as tax return preparation and financial planning; and

- Seth Gernot of Events Unlimited—an individual located in Pennsylvania who assists East End with event management and marketing and promotion of special events hosted or organized by East End.

36. The cost and time associated with traveling to Texas from Pittsburgh to provide testimony on behalf of East End, as well as producing any relevant documents they may have in their possession in Texas, would be a significant burden for these non-parties.

37. For the foregoing reasons, East End respectfully requests that this lawsuit be dismissed since East End has no contacts or ties to Texas. Alternatively East End requests that this action be transferred to Pennsylvania based upon the inconvenience litigating this suit in Texas would cause to East End and numerous third parties.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed this __23rd_ day of January, 2016 in Pittsburgh, Pennsylvania.

_____
Scott Smith

**DECLARATION OF SCOTT SMITH IN SUPPORT OF DEFENDANT EAST END BREWING COMPANY INC.'S MOTION TO DISMISS OR TRANSFER**—Page 7